J-A21006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SANJAR MUKHAMMEDOV, | |
| Appellant | No. 392 WDA 2017 |

Appeal from the Judgment of Sentence Entered February 22, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002525-2016

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED  NOVEMBER 14, 2017**

Appellant, Sanjar Mukhammedov, appeals from the judgement of sentence entered on February 22, 2017, following his conviction for failing to obey a stop sign.[1]  Appellant's sentence consisted of a $25.00 fine and court costs.  Because of substantial defects in Appellant's Brief, we dismiss his appeal.

The Commonwealth provided the following procedural history of this case, which we adopt as our own:

> By Traffic Citation 5539626 that was issued by the Pittsburgh Police Department on July 20, 2016, Appellant was charged with the summary offense of violating [Section] 3323(b)….  On November 30, 2016, Appellant was found guilty

---

[1] **See** 75 Pa.C.S. § 3323(b) (requiring "every driver of a vehicle approaching a stop sign" to "stop at a clearly marked stop line…").

before The Honorable Jeffrey A. Manning who sat as the magisterial district judge.

Appellant filed a *pro se* Notice of Summary Appeal on December 16, 2016. His trial *de novo* was scheduled for February 22, 2017. Appellant failed to appear on February 22, 2017. Therefore, Judge O'Toole dismissed Appellant's summary appeal and judgment was entered on the judgment of Judge Manning pursuant to Pa.R.Crim.P. 462(D).[2] Appellant was found guilty of violating 75 Pa.C.S.[] § 3323, and a $25.00 fine plus court costs was imposed.

Appellant filed a Notice of Appeal on March 7, 2017. The Honorable Lester G. Nauhaus did not request a Pa.R.A.P. 1925(a) Concise Statement, but he filed an Opinion on March 2, 2017.

Commonwealth's Brief at 3-4 (footnote and internal citations omitted).

As noted by the Commonwealth, the facts underlying Appellant's conviction are not ascertainable because Appellant failed to appear for his *de novo* summary appeal trial. Commonwealth's Brief at 4.

Before addressing the merit of Appellant's claim(s), the Commonwealth argues that we should dismiss Appellant's appeal due to substantial defects in his *pro se* brief. Commonwealth's Brief at 6-7. We agree.

It is an understatement to say that Appellant's *pro se* brief contains substantial defects. In fact, it appears as if Appellant made no effort, whatsoever, to comply with the Rules of Appellate Procedure. His brief

_____

[2] "If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(D).

consists of four pages in total. The second two pages ostensibly set forth photographs of the area around the stop sign in question, while the fourth page offers a satellite map of the same area. The first page contains two, single-spaced paragraphs setting forth a multitude of undeveloped arguments.

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

Appellant's brief does not contain any of the section titles as required by Pa.R.A.P. 2111(a). Most importantly, Appellant does not provide a statement of the questions involved, *see* Rule 2111(a)(4), or a separate argument section, *see* Rule 2111(a)(8). Appellant also failed to attach to his brief a copy of the trial court's Pa.R.A.P. 1925(a) opinion. *See* Pa.R.A.P. 2111(a)(10), 2111(b). Moreover, Appellant's brief does not comply with the "Size and other physical characteristics" requirements set forth in Pa.R.A.P. 124(a).

Even if we were to consider Appellant's single, typewritten page as an argument section, that section also fails to conform to our Rules of Appellate Procedure. Appellant's argument is not "divided into as many parts as there are questions to be argued[,]" Pa.R.A.P. 2119(a), nor does his argument contain any citations to pertinent legal authorities, *see* Pa.R.A.P. 2119(b).

Appellant also fails to cite to where in record any of his claims were preserved below. *See* Pa.R.A.P. 2119(e).

After careful review, including due consideration of Appellant's *pro se* status, as well as our discretion under Pa.R.A.P. 105(a),[3] we nevertheless deem the defects in Appellant's brief to be so substantial that they undermine this Court's ability to conduct a meaningful review of Appellant's claims. Accordingly, pursuant to our authority under Rule 2101, we dismiss the instant appeal due to Appellant's failure to conform to the Rules of Appellate Procedure.

Appeal *dismissed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2017

---

[3] Rule 105(a) provides, in pertinent part, as follows: "In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction."

- 4 -